UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERROLL SANDERS,

                    Plaintiff,

v.                                              Case No. 25-10314
                                                Honorable Shalina D. Kumar
JUDY A. HARTSFIELD et al.,                      Magistrate Judge Kimberly G. Altman

                    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 35)

Plaintiff Jerroll Sanders ("Sanders"), proceeding pro se, initiated this civil action against defendants Judge Judy A. Hartsfield, Wayne County, Michigan, Judge Maci T. Gaines, and John Does 1-20 alleging violations of the Racketeer Influences and Corrupt Organizations Act ("RICO") as well as violations of her constitutional rights and state law claims arising out of and in connection with guardianship proceedings in the Wayne County Probate Court. *See* ECF No. 22. This case was referred to the assigned magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1). ECF No. 9.

Judge Hartsfield and Wayne County Probate Court filed a motion to dismiss and a motion to strike Sanders' amended complaint, ECF Nos. 12,

23, and Sanders filed a motion for leave to file a second amended complaint. ECF No. 28. The magistrate judge issued a Report and Recommendation ("R&R") recommending Sanders' motion for leave to file a second amended complaint be granted, and Judge Hartsfield's and Wayne County Probate Court's motion to dismiss and motion to strike be denied as moot because they are no longer named defendants in the proposed second amended complaint. ECF No. 35.

The parties did not file objections to the R&R and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings"); *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373–74 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that

a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error and finds none.

Accordingly, the Court **ADOPTS** the R&R (ECF No. 35) and **GRANTS** Sanders' motion for leave to file a second amended complaint (ECF No. 28). Judge Hartsfield's and Wayne County Probate Court's motion to dismiss (ECF No. 12) and motion to strike (ECF No. 23) are **DENIED AS MOOT**. Sanders must file her second amended complaint by **February 19, 2026**.

**IT IS SO ORDERED.**

Date: February 6, 2026          s/Shalina D. Kumar
                                Shalina D. Kumar
                                United States District Judge